UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:18-CV-01583 |
| | § | |
| HARRIS COUNTY SHERIFF'S OFFICE; | § | |
| HARRIS COUNTY, TEXAS; and | § | |
| OFFICER VICTOR MORA | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, JANE DOE, whose true name will be revealed to Defendant during the discovery process, hereby becoming Plaintiff in the above-entitled and numbered cause, complaining of Harris County Sheriff's Office, Harris County, Texas, and Officer Victor Mora, Defendants (hereinafter sometimes collectively referred to as "Defendants"), and for causes of action, Plaintiff would respectfully show the court as follows:

### STATEMENT OF CLAIM

1. Plaintiff brings this civil action for damages against the Harris County Sheriff's Office, Harris County, Texas, and Officer Victor Mora for Defendants' wrongful conduct. Plaintiff brings this action pursuant to, among other legal bases, 42 U.S.C. §1983, which provides redress for every person within the jurisdiction of the United States that has been deprived of any rights, privileges, or immunities secured by the Constitution and laws of the United States, under color of state law. Specifically, Plaintiff Jane Doe alleges that the wrongful arrest

Plaintiff's Original Complaint – Page **1** of **7**

and sexual assault committed against her violated rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and gives rise to various state law claims, which are more fully set forth below.

2. Plaintiff seeks compensatory and punitive damages, together with reasonable attorneys' fee as authorized by 42 U.S.C. §1988.

## VENUE AND JURISDICTION

3. Venue is proper under 28 U.S.C. §1391(b)(2) because all acts complained of occurred in this district.

4. Jurisdiction is based on 28 U.S.C. §1331.

## PARTIES

5. Plaintiff Jane Doe is an individual residing in Harris County, Texas.

6. Defendant Harris County Sheriff's Office ("HCSO") is a necessary party to this suit pursuant, in part, to section 37.006 of the Texas Civil Practice and Remedies Code and may be served with process herein by serving Harris County Judge Ed Emmett at 1001 Preston, #911, Houston, Texas 77002.

7. Defendant Harris County, Texas ("COUNTY") is a necessary party to this suit pursuant, in part, to section 37.006 of the Texas Civil Practice and Remedies Code. COUNTY is the Texas Governmental Unit responsible for HCSO and may be served with process herein by serving Harris County Judge Ed Emmett at 1001 Preston, #911, Houston, Texas 77002.

8. Defendant Officer Victor Mora ("MORA") was a sheriff's deputy employed by Defendants HCSO and COUNTY, in Harris County, Texas, at the time of the incident made the basis of this lawsuit. Defendant MORA may be served with process herein at his residence of 1922 Springrock

Ln, Houston, Texas 77080.

## STATEMENT OF FACTS

9.  On or about September 24, 2016, Plaintiff Jane Doe was arrested on suspicion of driving while intoxicated in Harris County, Texas, even though there was no probable cause to do so.

10. On or about September 26, 2016, when Plaintiff was released from jail on bond, Defendant MORA called Plaintiff repeatedly and stated that if Plaintiff agreed to meet him, MORA would get Plaintiff's car out of impound and "help her" with her ongoing DWI case. Plaintiff was convinced that Defendant MORA would help her, so Plaintiff drove to meet MORA in the parking lot of a local store.

11. Shortly after parking, Defendant MORA entered Plaintiff's car. MORA proceeded to kiss Plaintiff and make various unwarranted and unwanted sexual advances toward Plaintiff in her car. Plaintiff was shocked and asked Defendant MORA to stop. Defendant MORA told Plaintiff that he "likes her" and that if Plaintiff gave MORA "what he wanted" that MORA would "fix the [criminal] case" and make it go away. Terrified that Defendant MORA could harm her criminal case if she refused, Plaintiff reluctantly submitted to sexual intercourse with Defendant MORA at a hotel that MORA had previously selected.

12. Sometime time after this initial encounter, Defendant MORA stated that in order for him to "help her", Plaintiff would need to have sexual intercourse with him several more times. After speaking with an attorney, Plaintiff realized that the officer's actions were oppressive, predatory, illegal, and possibly dangerous. Plaintiff changed her phone number.

13. Plaintiff filed a report concerning MORA with HCSO.

14. On or about May 17, 2017, all of the charges against Plaintiff were dismissed.

15. At all times relevant hereto, Defendant MORA was in the course and scope of his employment with and acting in furtherance of Defendant HCSO and Defendant COUNTY in Harris County, Texas. Defendant HCSO and Defendant COUNTY were responsible for the training and supervision of Defendant MORA.

## CAUSE OF ACTION FOR MALICIOUS CRIMINAL PROSECUTION

16. A criminal prosecution was commenced against Plaintiff by Defendants on September 26, 2016. All charges were dismissed on May 17, 207. The above described conduct on the part of Defendants constituted malicious prosecution under Texas law because:

   (1) A criminal action was commenced against Plaintiff;

   (2) The prosecution was caused by Defendant MORA or with his aid, and/or in conjunction or in concert with other officials of the HCSO;

   (3) The criminal action was terminated in Plaintiff's favor on or about May 17, 2017;

   (4) Plaintiff was innocent of the alleged charges;

   (5) Defendant MORA acted without probable cause;

   (6) Defendant MORA acted with malice; and

   (7) The criminal proceeding interfered with Plaintiff's property and Plaintiff's liberty and otherwise damaged Plaintiff.

## CAUSE OF ACTION UNDER 42 U.S.C. § 1983

17. Plaintiff had well-known constitutional rights not to arrested and charged without probable cause and to be free from sexual assault by a police officer with promises of a favorable outcome to Plaintiff's criminal case. Defendants HCSO and COUNTY knew that Defendant MORA had engaged in similar unlawful and unconstitutional behavior before, but Defendants HCSO and COUNTY allowed the public generally and Plaintiff in particular to be exposed to the deprivation of her constitutional rights. The deprivation of Plaintiff's constitutional rights was the consequence

of policies, customs, or practices, as applied by Defendant COUNTY and Defendant HCSO, or to which those Defendants were deliberately indifferent, including but not limited to:

(1) Failure to properly train its deputies on policies and procedures;

(2) Failure to screen and monitor its police officers to ensure that they do not have a history of sexual assault or abuse;

(3) Failure to supervise its deputies to ensure that they will not commit sexual assault or abuse; and

(4) Failure to discipline its deputies who have committed sexual assault or abuse.

18. Defendant COUNTY's and Defendant HCSO's policies, customs, or practices were a cause in fact of the deprivation of civil rights inflicted on Plaintiff, and they also were the proximate cause of Plaintiff's damages, as discussed more fully below. Defendant COUNTY's and Defendant HCSO's policies, customs, or practices served as the moving force behind the constitutional violations at issue herein and Plaintiff's injuries resulted from the execution of such policies, customs, and practices. Defendant COUNTY and Defendant HCSO deliberately and consciously chose the policies, customs, or practices underlying Plaintiff's claims, and/or were deliberately indifferent to Plaintiff's constitutional rights.

### A. SEXUAL ASSAULT BY A POLICE OFFICER AS A VIOLATION OF THE 4TH AMENDMENT

19. Defendant MORA's wrongful arrest and sexual assault, as described herein, as well as Defendant COUNTY's and Defendant HCSO 's policies, customs, and practices, constitute a violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution made applicable to Defendants by the Fourteenth Amendment to the United States Constitution. Specifically, Defendants' conduct violated Plaintiff's rights: (1) to be free from unreasonable seizure of her person under the Fourth Amendment to the Constitution of the United States; and

(2) to be free from sexual assault under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff seeks redress pursuant to 42 U.S.C. § 1983 for Defendants' violations of her constitutional rights.

## CAUSE OF ACTION FOR NEGLIGENCE

20. Defendants had a duty to protect and serve Plaintiff. Instead, Defendants breached their duty to Plaintiff and proximately caused her injuries and related damages.

## DAMAGES

21. The actions of Defendants, together and separately, caused Plaintiff to suffer damages in the past and in the future, including, but not necessarily limited to, physical pain, medical bills, mental anguish, impairment, disfigurement, lost wages and wage earning capacity, attorneys' fees, and court costs, for which Defendants are jointly and severally liable.

## EXEMPLARY DAMAGES

22. Plaintiff is entitled to exemplary damages for Defendants' violation, under color of state law, of Plaintiff's constitutional rights guaranteed by the Fourth and Fourteenth Amendments.

## ATTORNEY'S FEES

23. As a result of the Defendants' actions, Plaintiff had to retain a licensed attorney to protect her rights. Plaintiff will also expend costs and possibly expert witness fees. Therefore, pursuant to 42 U.S.C. § 1988, the Plaintiff asks that the court award Plaintiff costs, reasonable attorneys' fees (through trial and all appeals), and expert witness fees.

## JURY DEMAND

24. The Plaintiff demands a jury trial on all issues which may be tried to a jury.

**PRAYER**

25.     WHEREFORE PREMISES CONSIDERED, Plaintiff asks that Defendants be cited to appear and answer and that, upon final trial, the court enter judgment against the Defendants, jointly and severally for:

(1) Actual damages in an amount to be determined by the jury;

(2) Exemplary damages in an amount to be determined by the jury;

(3) Reasonable and necessary attorneys' fees, costs, and expert witness fees available under law;

(4) Pre-judgment and post-judgment interest at the maximum amount allowed by law; and

(5) Such other relief, legal and equitable, general and specific, to which Plaintiff is justly entitled.

        Respectfully submitted,

        THE NIELSEN LAW FIRM, P.C.

        BY:     */s/ Eric D. Nielsen*
                ERIC D. NIELSEN
                TBA#: 15021625
                FED ID#: 806
                9800 NORTHWEST FRWY, SUITE 314
                HOUSTON, TEXAS   77092
                TEL:   (713) 524-4800
                FAX:   (888) 587-9443
                eric@nielsentriallaw.com

        ATTORNEYS FOR PLAINTIFF