IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | § | |
|    *Plaintiff* | § | |
| v. | § | Civil Action No. 4:18-cv-1583 |
| | § | |
| HARRIS COUNTY SHERIFF'S | § | JURY DEMANDED |
| OFFICE; HARRIS COUNTY, | § | |
| TEXAS; AND OFFICER VICTOR | § | |
| MORA, | § | |
|    *Defendants.* | § | |

_____

**DEFENDANT HARRIS COUNTY SHERIFF'S OFFICE AND
DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**
_____

Defendant Harris County Sheriff's Office and Defendant Harris County file this Motion To Dismiss Plaintiff Jane Doe's First Amended Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, Motion For More Definite Statement, and respectfully show the Court the following:

### I. PARTIES AND INTRODUCTION

1. Plaintiff Jane Doe (hereinafter "Plaintiff") brought suit against both Harris County Sheriff's Office and Harris County, Texas (hereinafter collectively referred to as "Harris County"), and former Officer Victor Mora (hereinafter referred

1

to as "Defendant Mora"), alleging malicious criminal prosecution, violations of 42 U.S.C. § 1983, sexual assault by a police officer as a violation of the Fourth (4th) Amendment of the United States Constitution, and negligence.

2. This motion is brought on behalf of Harris County only. Defendant Mora, a former deputy, has not been served[1], is not represented by attorneys for Harris County, has pled guilty to official oppression and been sentenced.[2]

3. Plaintiff seeks damages in the form of past and future damages including but not necessarily limited to, physical pain, medical bills, mental anguish, impairment, disfigurement, lost wages and wage earning capacity, and attorney's fees and court costs jointly and severally. Plaintiff also seeks exemplary damages.[3]

## II. NATURE AND STAGE OF BACKGROUND PROCEEDINGS

4. On May 15, 2018, Plaintiff filed her Original Complaint incorrectly naming Defendant Mora as Victor Hernandez. On May 16, 2018, Plaintiff filed her First Amended Complaint amending to replace "Victor Hernandez" with Defendant Mora's name.

---

[1] The summons incorrectly named "Victor Hernandez", an apparent error. The fired deputy is correctly named in Plaintiff's First Amended Complaint as "Victor Mora."
[2] *See* indictment and plea, attached hereto as **Exhibit A**.
[3] *See* Plaintiff's First Amended Complaint

5. Plaintiff's First Amended Complaint is based upon allegations of sexual assault against Defendant Mora, a former deputy of Harris County, after Plaintiff's arrest on September 24, 2016, for driving while intoxicated.

6. Plaintiff was released from jail on September 26, 2016, at which time Plaintiff alleges Defendant Mora called Plaintiff and asked her to meet him in the parking lot of a local store. Plaintiff drove herself to the parking lot and got into Defendant Mora's car. Plaintiff alleges she reluctantly accompanied Defendant Mora to a hotel and they had sexual intercourse.[4]

7. Plaintiff alleges sometime after this initial encounter, Defendant Mora stated that in order for him to "help her," Plaintiff would need to have sexual intercourse with him several more times. Plaintiff then spoke with an attorney[5] and filed a complaint with the Harris County Sheriff's Office.

8. On or about February 15, 2017, Defendant Mora was terminated by the Harris County Sheriff's Office.

9. On or about May 17, 2017, the charge of driving while intoxicated was dismissed against Plaintiff.

10. On or about September 29, 2017 Defendant Mora plead guilty to Official Oppression and was sentenced.

---

[4] *See* Plaintiff's First Amended Complaint, p. 3, paragraphs 9-11.
[5] *Id.,* at paragraph 12.

3

### III. SUMMARY OF ARGUMENT

11.     First and foremost, the Harris County Sheriff's Office is not a proper party to this suit as it is not a legal entity separate from Harris County, Texas. Moreover, claims against a sheriff's department are not subject to suit under 42 U.S.C. Section 1983. The Harris County Sheriff's Office should be dismissed entirely.

12.     Second, Plaintiff's allegations of criminal malicious prosecution and sexual assault do not fall within the waiver provisions of the Texas Tort Claims Act and Harris County has sovereign immunity. Moreover, both criminal malicious prosecution and sexual assault are specifically excluded from waiver of sovereign immunity as they are both intentional torts.

13.     Third, Plaintiff has not identified a policy, policymaker or how that policy violated her rights as required to sustain a Section 1983 claim. On the contrary, Harris County terminated Defendant Mora after Plaintiff's allegations became known. Plaintiff's Section 1983 allegation is merely a threadbare recital of the elements of a cause of action. Harris County does not have a policy, pattern or practice of advocating sexual assault of women in exchange for help with criminal cases, and Plaintiff cannot establish otherwise.

14.     Fourth, Plaintiff's negligence claim is an attempt to circumvent the intentional tort of sexual assault. The facts pled in Plaintiff's Complaint amount to

an intentional tort committed by a government employee and therefore the Harris County will not be liable, regardless of whether the claim is also framed as a negligence claim.

15. Finally, both Texas and federal law forbid the recovery of punitive damages against government entities. For all of the above-stated reasons, Harris County is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6).

## IV. CAUSES OF ACTION PLED

16. Plaintiff's first cause of action pled is malicious criminal prosecution against Harris County based upon her arrest for driving while intoxicated and dismissal of charge some eight (8) months later.

17. Second, Plaintiff alleges violations of 42 U.S.C. Section 1983 against Harris County, alleging Harris County's "policies, customs, or practices were a cause in fact of the deprivation of civil rights inflicted on Plaintiff, and they also were the proximate cause of Plaintiff's damages…"[6] Plaintiff alleges Harris County's "policies, customs, or practices served as the moving force behind the constitutional violations at issue" and Plaintiff's "injuries resulted from the execution of such policies, customs, and practices." Plaintiff also alleges Harris County "deliberately and consciously chose the policies, customs, or practices

---

[6] *See* Plaintiff's First Amended Complaint, p. 5, paragraph 18.

underlying Plaintiff's claims, and/or were deliberately indifferent to Plaintiff's constitutional rights."[7]

18. Third, Plaintiff brings suit for sexual assault against Harris County for violations of her Fourth (4th) Amendment rights, alleging Harris County's conduct violated Plaintiff's rights (1) to be free from unreasonable seizure of her person under the Fourth (4th) Amendment; and (2) to be free from sexual assault under the Fourth (4th) and Fourteenth (14th) Amendments.

19. Finally, Plaintiff is alleging negligence as against Harris County for breach of duty to protect and serve Plaintiff. Plaintiff is also seeking, among others, exemplary damages.

20. For purposes of this motion, the intentional torts of malicious criminal prosecution and sexual assault will be argued together and Section 1983 claims and negligence will be argued together.

## V. LEGAL STANDARD FOR MOTION TO DISMISS

21. In ruling on a Rule 12(b)(6) motion, the Court must accept as true all of the plaintiffs well-pled allegations. However, the Court need not accept at face value any factually unsupported legal conclusions. *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion

---

[7] *Id.*

to dismiss"). Nor is the Court required to accept ultimate conclusions that do not flow from the factual description of the case. 5A C. Wright & A. Miller, FED. PRAC. & PROC: CIVIL 2d § 1357, at 319-20 (1990).

22. Under even the liberal notice pleading standard, "the complaint must contain either direct allegations on *every material point* necessary to sustain a recovery…or contain allegations from which an inference fairly may be drawn under the relevant legal theory." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 C. Wright & A. Miller, FED. PRAC. & PROC: CIVIL 2d § 1216, at 156-59) (ellipses in court's opinion and emphasis added). Dismissal is therefore proper if the complaint "lacks an allegation regarding a required element necessary to obtain relief." *Id*. (quoting 2A MOORE'S FEDERAL PRACTICE, 12.07, at 12-91).

**A.     Harris County incorporates exhibit that is central to Plaintiff's claims.**

23. In ruling on a motion to dismiss, a court considers pleadings and "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss," including documents incorporated into the complaint by reference and matters of judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (citations omitted). *See also, Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011).

24. Certain documents are so important to a case they are considered pleadings themselves, and a party seeking dismissal may attach these documents as exhibits. An exhibit becomes part of a pleading if it is (1) referenced in a complaint and (2) central to plaintiff's claims.

25. As the Fifth Circuit opined in *Isquith for an on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 196 (5th Cir. 1988), courts do have discretion to consider documents other than the complaint: "when non-pleading materials are filed with a motion to dismiss… a district court has complete discretion under the Federal Rules of Civil Procedure to either accept the exhibits submitted or not…" However, if the documents in question are attached to a motion to dismiss, referenced in the complaint, and central to the plaintiff's claims, they are considered pleading materials. *In re Katrina Canal Breaches Litig.*, 495 F.3d. 191, 205 (5th Cir. 2007). Courts may consider documents meeting these criteria without converting the motion to dismiss into one for summary judgment. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F. 3d 285, 288 (5th Cir. 2004).

26. Harris County attaches Mora's indictment and plea.

## VI. ARGUMENTS AND AUTHORITES IN SUPPORT OF 12(b)(6) TO DISMISS CRIMINAL MALICIOUS PROSECUTION AND SEXUAL ASSAULT

### A. Sovereign Immunity

27. Under the doctrine of sovereign immunity, a governmental entity cannot be held liable for the actions of its employees unless there is a constitutional or statutory provision waiving such immunity. *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex.1998); *Harris County v. Cabazos,* 2005 WL 110370 (Tex.App. – Houston (1st Dist.) 2005, no pet.)

28. The Texas Legislature enacted the Texas Tort Claims Act ("TTCA") to waive sovereign immunity in limited circumstances. *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.1998). A county such as Harris County, as a political subdivision of the State, falls within the TTCA. Tex.Civ.Prac.& Rem. Code Ann. § 101.001(3)(B)(Vernon Supp. 2004-2005).

29. The limited circumstances in which the TTCA waives immunity fall into three general areas: use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property. Tex. Civ.Prac.&Rem.Code §101.021; *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex.1983).

30. Plaintiff does not allege that her arrest and alleged sexual assault was related to the operation or use of a publicly owned vehicle, a premises defect, or the use or misuse of property owned or controlled by Harris County. Therefore,

Plaintiff's allegations of criminal malicious prosecution and sexual assault do not fall within the waiver provisions of the TTCA.

31. Moreover, both criminal malicious prosecution and sexual assault are specifically excluded from waiver of sovereign immunity as discussed below.

**B.  Intentional Torts of Criminal Malicious Prosecution and Sexual Assault**

32. Criminal malicious prosecution is an intentional tort. *Hempstead v. Kmiec*, 902 S.W. 2d 118, 122 (Tex.App. – Houston [1st Dist.] 1995, no writ). Sexual assault is an intentional tort. Tex. Civ.Prac. & Rem. Code §101.057(2). The TTCA specifically excludes waiver of immunity for a claim "arising out of assault, battery, false imprisonment, *or any other intentional tort…*" Tex.Civ.Prac.&Rem.Code §101.057(2)(emphasis added); *Texas Dep't Pub. Safety v. Petta,* 44 S.W.3d 575, 580 (Tex.2001). Given that malicious prosecution is an intentional tort, the municipality of Harris County is entitled to dismissal on this claim. *See, e.g., Poole v. City of Killeen,* 999 F.2d 1580, 1580 (5th Cir.1993) (unpublished)(malicious prosecution is an intentional tort); *Closs v. Goose Creek Consol. Indep. Sch. Dist.,* 874 S.W.2d 859, 869 (Tex.App.-Texarkana 1994, no writ) (same). Thus, it is appropriate that this Court dismiss claim as barred. *Humphreys v. City of Ganado, Tex.,* 467 F. App'x 252, 256–57 (5th Cir. 2012); *Pearlman v. City of Fort Worth, Tex.,* 400 F. App'x 956, 959 (5th Cir.2010) (*per curiam*) (so holding for assault and battery); *George v. Harris Cty., Tex.,* 2012 WL 2744332, at *12 (S.D. Tex. July 9, 2012).

33. The Fifth Circuit wrote, "[I]t is important to keep in mind that 'section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.' " *Walton v. Alexander*, 44 F.3d 1297, 1301 (5th Cir. 1995). Indeed, "no federal right is implicated" where a complaint "alleges a state-law tort." *Hull v. City of Duncanville,* 678 F.2d 582, 583 (5th Cir. 1982). *See also, Bickford v. Boerne Indep. Sch. Dist.,* 2016 WL 3033778, at *5 (W.D. Tex. May 26, 2016).

34. Further, it is well-settled Supreme Court precedent that Plaintiff cannot raise state law claims in a § 1983 action. Harris County is simply not liable for intentional torts. *Baker v. McCollan*, 443 U.S. 137, 146 (1979). This is a material fact that Plaintiff cannot overcome as a matter of law.

35. Therefore Plaintiff's claims of criminal malicious prosecution and sexual assault are excluded from waiver by the TTCA and Harris County is immune from these two allegations.

36. Finally, there is no freestanding federal claim of malicious prosecution. "'[M]alicious prosecution' standing alone is no violation of the United States Constitution[;] ... to proceed under [Section 1983] such a claim must rest upon a denial of rights secured under federal and not state law." *Laird v. State Farm Fire and Casualty Company*, 2017 WL 2239578, at *8 (M.D. La., May 22, 2017), citing *Castellano v. Fragozo*, 352 F.3d 939, 942, 945 (5th Cir. 2003). "A claim for

11

malicious prosecution brought under Section 1983 must be judged against the strictures of the Fourth Amendment." *Id.*

37. It must be shown that the officials violated specific constitutional rights in connection with a "malicious prosecution." For example, "the initiation of criminal charges without probable cause may set in force events that run afoul of the ... Fourth Amendment if the accused is seized and arrested ... or other constitutionally secured rights if a case is further pursued."

38. However, these "are not claims for malicious prosecution." Accordingly, Plaintiff's claim under Section 1983 for "malicious prosecution" in respect to her arrest is not independently cognizable.

39. For the reasons articulated and well settled in this Circuit, Plaintiff has failed to state a constitutional claim for malicious prosecution. *Arnold v. Williams*, 2017 WL 5505018, at *5 (M.D. La. Nov. 16, 2017).

40. Harris County is entitled to dismissal under 12(b)(6) on Plaintiff's claims for criminal malicious prosecution and sexual assault.

### VII. ARGUMENTS AND AUTHORITIES IN SUPPORT OF 12(b)(6) TO DISMISS SECTION 1983 AND NEGLIGENCE CLAIMS

**A.  No factual allegations to support Section 1983 claim**

41. In her Second Amended Complaint, Plaintiff asserts that liability under Section 1983 is raised because Harris County's "policies, customs, or practices were a cause in fact of the deprivation of civil rights inflicted on Plaintiff", and were the

proximate cause of her damages. Plaintiff also alleges Harris County's "policies, customs, or practices served as the moving force behind the constitutional violations at issue" and her "injuries resulted from the execution of such policies, customs, and practices." She further asserts that Harris County "deliberately and consciously chose the policies, customs, or practices underlying Plaintiff's claims, and/or were deliberately indifferent to Plaintiff's constitutional rights."

42. Plaintiff's pleadings do not provide a semblance of notice identifying a deprivation of a constitutional right by the county. Plaintiff's pleadings cannot be sufficient to establish Harris County's liability under 42 U.S.C. § 1983.

43. To state a claim a claim for municipal liability, the plaintiff must identify: (a) a policy-maker; (b) an official policy, custom or widespread practice; and (c) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001), citing *Monell v. New York City Dep't of Soc. Servs*, 436 U.S. 658, 690, 694), cert.denied, 534 U.S. 820 (2001).

44. Furthermore, the governing body of the municipality or an official to whom that body has delegated policy-making authority must have actual or constructive knowledge of such custom. There are no facts pled to support this allegation, and Plaintiff has failed to allege a pattern and practice sufficient to impose liability against Harris County under 42 U.S.C. § 1983.

45. It is axiomatic that Harris County cannot be held liable under Section 1983 on a theory of *respondeat superior*. *Id.* at 690. In *Canton v. Harris*, 489 U.S. 378 (1989), the Supreme Court explained that § 1983 requires a plaintiff to do more than just show a government employee violated her rights. If that were the test, municipalities would be liable under *respondeat superior*, which the Supreme Court rejected in *Monell,* 436 U.S. at 691("a municipality cannot be held liable solely because it employs a tortfeasor – or in other words … on a respondeat superior theory. Instead it is when the execution of a government policy or custom … inflicts the injury that the government as an entity is responsible under 1983.") In the instant case, Harris County does not have a policy of sexual assault; the deputy was fired and has pled guilty. This is an injury solely inflicted by this one admitted criminal. There is no *respondeat superior*.

**B.     Harris County is not liable for Plaintiff's claim of negligence**

46. Plaintiff has couched a claim for negligence with liability under Section 1983. In one sentence Plaintiff alleges Harris County has a duty to protect and serve Plaintiff. This is improper. "If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA. A plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence." *Harris Cty. V. Cabazos*, 177 S.W.3d 105, 111 (Tex.App. – Houston [1st Dist.] 2005, no pet.)

14

47.     Plaintiff has pled both 4th amendment violations from an alleged sexual assault and negligence from the same incident. This is nonsensical. *Callis v. Sellars,* 953 F.Supp. 793, 800 (S.D. Tex.1996) (argument that premeditated and intentional sexual assault by officer was negligence characterized as "nonsensical").

48.     Additionally, Plaintiff has used the same incident not only for her 4th amendment violations and negligence but also for violations of Section 1983. A plaintiff cannot pursue pendent state claims under the TTCA where they are based on a single event, an event alleged under a contemporaneous Section 1983 cause of action to be an intentional tort. *Taylor v. Gregg*, 36 F.3d 453, 457 (5th Cir. 1994).

## VIII. SHERIFF'S OFFICE CANNOT BE SUED

49.     Additionally, the Harris County Sheriff's Office ("HCSO") is not a proper party. HCSO is not a legal entity separate from Harris County, and therefore it cannot be sued. *Jacobs v. Port Neches Police Dep't.*, 915 F. Supp. 842, 844 (E.D. Tex.1996). "In Texas, county sheriffs and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) to grant the servient agency with jural authority." (citation omitted). *See also Huff v. Refugio Cty. Sheriff's Dep't.*, 2013 WL 5574901, at 4 (S.D. Tex. Oct. 9, 2013).

50.     Further, claims against a sheriff's department are not subject to suit under Section 1983. *Wakat v. Montgomery Cnty.*, 471 F.Supp.2d 759, 768

(S.D.Tex.2007), aff'd sub nom. *Wakat v. Montgomery Cnty.*, 246 F.App'x.265 (5th Cir.2007); *Johnson v. Garcia*, 2010 WL 4643730, at 1 (S.D. Tex. Nov. 9, 2010).

51. Accordingly, HCSO is entitled to dismissal under 12(b)(6).

## IX. PLAINTIFF CANNOT SEEK PUNITIVE DAMAGES IN A 1983 ACTION

52. Three decades ago, the Supreme Court ruled that punitive damages are not recoverable from a governmental entity or local officials in their official capacity in § 1983 actions. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981). Therefore, the plaintiff, even if successful, cannot as a matter of law recover punitive damages in a 1983 action. *See also Livingston v. Desoto Indep. Sch. Dist.,* 2004 WL 2964977, at *2 (N.D. Tex. Dec. 15, 2004); *Estate of Lance ex rel. Lance v. Lewisville Indep. Sch. Dist.*, 2011 WL 4100960, at *9 (E.D. Tex. Aug. 23, 2011), *report and recommendation adopted,* 2011 WL 4101164 (E.D. Tex. Sept. 13, 2011).

53. The Supreme Court found that immunity for punitive damages addresses two concerns; one is that a local government's taxing authority makes it an easy target for an unduly generous jury. *Id*. Secondly, "blameless or unknowing taxpayers" will be unfairly taxed for the wrongdoing of local officials. *Id.*

54. The Fifth Circuit recently reaffirmed that exemplary damages are not allowed against public entities under Section 983. "Because Congress has not expressed a clear intention to permit punitive damages against municipalities in Section 1983 actions stemming from Fourth and Eighth Amendment violations,

16

Appellants are barred from seeking punitive damages." *Skyy v. City of Arlington*, 2017 WL 5197460, at *4 (5th Cir. Nov. 9, 2017).

55. Similarly, the Tex. Civ. Prac. & Rem. Code 101.024 forbids exemplary damages against government entities under Texas law. Accordingly, Plaintiff's exemplary damage claim should be dismissed.

56. This court should dismiss Plaintiff's claim for punitive damages.

## X. CONCLUSION

57. Plaintiff's allegations of criminal malicious prosecution and sexual assault do not fall within the waiver provisions of the TTCA. Moreover, both criminal malicious prosecution and sexual assault are specifically excluded from waiver of sovereign immunity as they are both intentional torts. Harris County is entitled to dismissal under 12(b)(6) on these claims. Additionally, Plaintiff has not identified a policy, policymaker or how that policy violated her rights as required to sustain a Section 1983 claim. Plaintiff's Section 1983 allegation is merely a threadbare recital of the elements of a cause of action. Harris County does not have a policy, pattern or practice of advocating sexual assault of women in exchange for help with criminal cases, and Plaintiff cannot establish otherwise. Harris County is entitled to dismissal under 12(b)(6) on all Section 1983 claims.

58. Moreover, Plaintiff's couched claim of negligence is simply an attempt to circumvent the intentional tort of sexual assault. The facts pled in Plaintiff's

Complaint amount to an intentional tort committed by a government employee and therefore the Harris County will not be liable, regardless of whether the claim is also framed as a negligence claim. Additionally, Harris County Sheriff's Office is not a separate legal entity from Harris County, Texas, and should be dismissed in its entirety.  And finally, both Texas and federal law forbid the recovery of punitive damages against government entities.

For these reasons, Harris County respectfully prays that Plaintiff's case should be dismissed with prejudice.  In the alternative, Harris County prays that Plaintiff be ordered to file a more definite statement.

Respectfully submitted,

*/S/ Suzanne Bradley*

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone:  (713) 274-5330
Facsimile:  (713) 755-8924
suzanne.bradley@cao.hctx.net

ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 11, 2018, a true and correct copy of Defendant Harris County Sheriff's Office and Defendant Harris County's Motion to Dismiss, Or in the Alternative, Motion for More Definite Statement was delivered to counsel of record via the CM/ECF system.

Eric D. Nielsen
The Nielsen Law Firm, P.C.
9800 Northwest Frwy, Suite 134
Houston, Texas 77092
eric@nielsentriallaw.com

              */S/ Suzanne Bradley*
              Suzanne Bradley
              Assistant County Attorney