UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.: 4:18-CV-1583 |
| | § | |
| HARRIS COUNTY SHERIFF'S OFFICE; | § | |
| HARRIS COUNTY, TEXAS; and | § | |
| OFFICER VICTOR MORA | § | |
| | § | |
| Defendants. | § | JURY DEMANDED |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred telephonically on July 16, 2018.

Attorney Suzanne Bradley of the Harris County Attorney's Office participated on

behalf of Defendants.  Eric D. Nielsen participated on behalf of Plaintiff.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Briefly describe what this case is about.**

Plaintiff Jane Doe alleges civil rights violations related to a sexual assault by a

deputy.  Deputy was fired, indicted and pled guilty.  Deputy has been attempting to avoid

service.   Harris County contends that it has no liability for criminal acts of deputy.

Defendant has filed motion to dismiss on this and other issues in complaint.  Plaintiff contends that Harris County failed to properly train deputy, failed to properly supervise deputy, and failed to terminate deputy when Harris County became aware that deputy had sexually assaulted other accused persons similar to Plaintiff.

**4. Specify the allegation of federal jurisdiction.**

The parties agree that federal jurisdiction is proper in this case, as it raises a federal under 28 U.S.C. § 1331, as it raises a federal question, being brought pursuant to federal laws 42 U.S.C. §§1983 and 1988.

**5. Identify the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted**.

Defendant contends that no additional parties should be included in this action. Plaintiff contends that other parties may need to be added when their identity is revealed through discovery.

**7. List anticipated interventions.**

There are no anticipated interventions in this case.

**8. Describe class-action or collective-action issues.**

There are no class or collective action allegations in this case.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties have not yet made initial disclosures required under Fed. R. Civ. P. 26(a), but are in the process of gathering the relevant information.  The parties have agreed to exchange initial disclosures no later than August 15, 2018.

**10. Describe the proposed agreed discovery plan, including:**

> **A. Responses to all the matters raised in Rule 26(f), including any agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery.**

The Parties shall identify, retain, and preserve all electronic media in their possession, custody, or control that contains data, files, and communications relevant to the claims and defenses in this case, from all reasonably identifiable sources (including but not limited to mainframe computers, servers, laptops and work stations, personal digital assistants, and back-up tapes). The Parties shall notify all potential individual users of computer equipment or the data, files, and communications of the immediate need to preserve all existing data, files, and communications. To the extent they exist, the Parties shall maintain backup tapes of their respective e-mail and file servers.

All data, files, and communications shall be produced as searchable image files (e.g. PDF or TIFF) if requested in such format by the Parties.

> **B. When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending initial interrogatories to all defendants within thirty (30) days, and sending additional interrogatories as allowed by the Federal Rules of Civil Procedure within the discovery period.

> **C. When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate sending initial interrogatories to plaintiff within 30 days of receipt of plaintiff's interrogatories, and sending additional interrogatories as allowed by the Federal Rules of Civil Procedure.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the depositions of all individual defendants.  In addition, Plaintiff anticipates taking the depositions of 30(b)(6) witnesses identified by Defendants. Plaintiff also anticipates taking the depositions of 30(b)(6) witnesses identified by Defendants. Plaintiff will also take the depositions of each expert identified by Defendants. Plaintiff may also take the depositions of any witness identified by Defendants as having knowledge of the case.  Plaintiff reserves the right to take additional depositions based on the information she obtains in discovery.  Plaintiff will take depositions after the initial interrogatories are answered, but within the discovery period.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking oral depositions of all witnesses listed in plaintiff's disclosures.  Defendants also anticipate taking the depositions of 30(b)(6) witnesses identified by Plaintiff and will also take the depositions of each expert identified by Plaintiff.  Defendants reserve the right to take additional depositions based on the information they obtain in discovery.  Defendant will take depositions after the initial interrogatories are answered, but within the discovery period.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff will designate experts and provide expert reports no later than April 1, 2019.  Defendants will designate experts and provide expert reports no later than May 1, 2019.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of Defendants' experts within 45 days of receiving Defendants' expert disclosures and reports.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Defendants anticipate taking the depositions of Plaintiff's' experts within 45 days of receiving Plaintiff's expert disclosures and reports.

**I. In a case involving parties that are unincorporated entities, such as an LLC or LLP, state the citizenship of every member and file an affidavit or declaration setting out the citizenship of every member.**

Not applicable.

**J.  Electronic Service**

The Parties stipulate that all discovery shall be served only by electronic means, such as email.  Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties further stipulate that service of discovery requests by electronic means, including service by e-mail, is complete upon transmission, and that additional days will not be added for responding to discovery documents served by electronic means.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has taken place yet in this case.

**13. State the date the planned discovery can reasonably be completed.**

The parties estimate that discovery will take approximately 12  months to complete.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have discussed this, and settlement is not possible.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Plaintiff does not believe any form of alternative dispute resolution will be successful. Defendant claims it has no plans to settle, so Plaintiff will try this case. Defendants do not think mediation would be successful. Defendants have no plans to settle.

**16. Magistrate judges may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Defendants consent to referral to the magistrate. Plaintiff consents to trial before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

A jury demand was made with the filing of the complaint.

**18. Specify the number of hours it will likely take to present the evidence in this case.**

The parties anticipate that trial in this case would take approximate 50 hours to present the evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Defendants' motion to dismiss.

**20. List other pending motions.**

    Defendants' motion to dismiss (DE 10).

**21. List issues or matters, including discovery, that should be addressed at the conference.**

    None.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

    The parties will file a Disclosure of Interested Persons within 10 days of filing this

report.

**23. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

**ATTORNEYS FOR PLAINTIFF**

THE NIELSEN LAW FIRM, P.C.

ERIC D. NIELSEN
TBA#: 15021625
FED ID #:806
9800 NORTHWEST FREEWAY, SUITE 314
HOUSTON, TEXAS  77092
TEL:  (713) 524-4800
FAX:  (888) 587-9443
eric@nielsentriallaw.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

**ATTORNEY FOR DEFENDANTS:**

Suzanne Bradley
Texas State Bar No: 00793375
Southern District I.D. No. 24567
Assistant County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5330
Email: suzanne.bradley@cao.hctx.net