**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JANE DOE,** | § | |
| *Plaintiff* | § | **Civil Action No. 4:18-cv-1583** |
| | § | |
| **v.** | § | **JURY DEMANDED** |
| **HARRIS COUNTY SHERIFF'S** | § | |
| **OFFICE; HARRIS COUNTY,** | § | |
| **TEXAS; AND OFFICER VICTOR** | § | |
| **MORA,** | § | |
| | § | |
| *Defendants.* | § | |

**HARRIS COUNTY'S ANSWER TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Harris County files this answer to Plaintiff's Second Amended Complaint (Docket Entry 14)(DE) and by way of proof, will show the following:

Harris County constructively incorporates all its arguments and defenses raised in its Motion to Dismiss (DE 8).

**FIRST DEFENSE**

Defendant Harris County does not admit any liability by asserting defenses. Plaintiff has the sole burden of proof, and Plaintiff must plead facts sufficient to overcome immunity. Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant Harris County is entitled to and does hereby invoke the doctrine of official, sovereign and governmental immunity, and all other protections under the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code 101.001 *et seq*.

## THIRD DEFENSE

Plaintiff's injuries were the sole and proximate cause of her own conduct, and Defendant Harris County asserts the affirmative defense of contributory negligence, assumption of the risk and proportionate responsibility.

## FOURTH DEFENSE

Defendant Harris County asserts that Plaintiff was not injured by it, and liability may not be predicated on the provisions of 42 U.S.C. Section 1983 or otherwise against it.   Further, Defendant Harris County asserts that it cannot be held liable under a theory of *respondeat superior*.  *Monell v. Dept. Social Services*, 436 U.S. 658, 694 (1978).   Further, Defendant Harris County is not liable for the negligent acts of its employees.  *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir.), *cert. denied*, 506 U.S. 973 (1992).

Defendant also reserves the right to assert other affirmative defenses as discovery, if any, may show.

## ADMISSIONS AND DENIALS

**Paragraph 1.**  Defendant Harris County denies it violated any of Plaintiff's constitutional rights.  It further denies that Plaintiff was wrongfully arrested for DUI. Defendant Harris County admits that now-former Deputy Mora (Mora) pled guilty to misdemeanor official oppression.  The remaining allegations in this paragraph are denied.

**Paragraph 2**. This paragraph requires no responsive pleading other than evidence will show that Plaintiff is not entitled to the recovery of any damages or attorney's fees from Defendant Harris County.

**Paragraphs 3-4**. Defendant agrees there is venue and jurisdiction.

**Paragraph 5**.  Defendant is without sufficient information to know if Plaintiff resides in Harris County, Texas.

**Paragraph 6**.  Defendant Harris County denies former Sheriff Ron Hickman is a "proper party."  He is yet unserved.

**Paragraph 7**.   Defendant Harris County agrees it has answered and has appeared.   Harris County agrees that it is the Sheriff's Office.   Harris County otherwise denies it is a "proper party."

**Paragraph 8.**  Defendant Harris County agrees that Mora was employed by the Sheriff's Office at the time of the allegations in this complaint.  The rest of this paragraph requires no responsive pleading from Harris County.

## STATEMENT OF FACTS

**Paragraph 9:**  Defendant Harris County admits Plaintiff was arrested on or about September 24, 2016 on suspicion of driving under the influence in Harris County.   Harris County asserts that there was probable cause to arrest Plaintiff, but she was not arrested by Mora, nor did Mora swear out the PC affidavit, nor was Mora involved in any facet of her arrest, including but not limited the probable cause affidavit, the field sobriety test or breath test which showed Plaintiff was over the legal limit.

**Paragraph 10:**  Defendant Harris County is without information on when Plaintiff posted her bond, but agrees she was released from jail.  Defendant agrees that Mora called Plaintiff.   Defendant Harris County is without sufficient information to admit or deny the remainder of the paragraph.

**Paragraph 11:**  Defendant Harris County admits that Mora pled guilty to official oppression.   Defendant Harris County admits that Mora admitted to investigators he had sex with Plaintiff at a motel.  Defendant Harris County is without information to admit or deny the remainder of this paragraph.

**Paragraph 12:**  Defendant Harris County is without information to admit or deny the factual basis of this paragraph.

**Paragraph 13:** Defendant Harris County admits Plaintiff filed a complaint with the Sheriff's Office regarding Mora.

**Paragraph 14:** Defendant Harris County admits the DUI charged against Plaintiff was dismissed, but not for lack of probable cause or because Plaintiff was "innocent."

**Paragraph 15:** Defendant Harris County admits Mora was indicted for felony "official oppression."

**Paragraph 16:** Defendant Harris County admits Mora pled guilty to misdemeanor official oppression.

**Paragraph 17:** Defendant Harris County admits Mora was employed with the Sheriff's Office at the time of the alleged incident.  Defendant Harris County admits that the Sheriff's Office investigated the allegations and fired Mora.

## CAUSE OF ACTION FOR MALICIOUS CRIMINAL PROSECUTION

**Paragraph 18:** Defendant Harris County denies Mora commenced "a criminal prosecution" against Plaintiff. Another deputy arrested Plaintiff and swore out the affidavit for probable cause.  Next, Defendant Harris County asserts it is well settled in the Fifth Circuit that there is no freestanding "malicious prosecution" claim in the Fifth Circuit.  *Castellano v. Fragozo*, 352 F.3d 939, 946 (5th Cir. 2003); see also, *Morris v. Robinson*, No. A-16-CV-1000 LY, 2017 WL 1102737, at *5 (W.D. Tex. Mar. 24, 2017).

Further to the extent Plaintiff may try to argue bad faith prosecution, this cause of action fails as well. In *Flowers v. Seki*, the court found that neither the

5

constitutional tort of malicious prosecution nor a finding of bad faith prosecution (as defined in the *Younger* abstention analysis) is a freestanding claim under Section 1983. 45 F. Supp. 2d 794, 805–06 (D. Haw. 1998); *Morris,* 2017 WL 1102737, at *5.

The elements of malicious prosecution are: (1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause for the proceedings; (6) malice in filing the charge; and (7) damage to the plaintiff. *Richey v. Brookshire Grocery Co.,* 952 S.W.2d 515, 517 (Tex. 1997) (citations omitted).

Applying these elements, Mora did not arrest Plaintiff or fill out the probable cause affidavit.  Another officer pulled Plaintiff over.   Next, Plaintiff failed a field sobriety test, and her consented-to breath test shows she was over the legal limit. There was probable cause and no malice in the filing of the charge by another, unrelated deputy.  All this occurred without any influence or input from Mora.  Thus, Mora did not initiate or procure prosecution. Next, there has been no finding of guilt or innocence for Plaintiff.  The charges were only dismissed.  The damage to plaintiff is not as to the DUI charge, but as to her allegations of civil rights violations.

Finally, a person cannot be liable for malicious prosecution if the decision whether to prosecute is left to the discretion of another, including a law enforcement

official or the grand jury, unless the person provides information which he knows is false. *King v. Graham,* 126 S.W.3d 75, 76 (Tex. 2003) (quoting *Browning–Ferris Industries, Inc. v. Lieck,* 881 S.W.2d 288, 293 (Tex. 1994)); *see also*, *Lechin v. United Airlines, Inc.,* No. CV H-16-2254, 2017 WL 3432729, at *3 (S.D. Tex. Aug. 9, 2017), aff'd, 714 F. App'x 465 (5th Cir. 2018)(Judge Sim Lake noted there can be no malicious prosecution when the grand jury indicts).

Finally, to the extent malicious prosecution is a tort, Harris County has immunity under the Texas Tort Claims Act. The Fifth Circuit wrote, "[I]t is important to keep in mind that 'section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.' " *Walton v. Alexander*, 44 F.3d 1297, 1301 (5th Cir. 1995). Indeed, no federal right is implicated where a complaint alleges a state-law tort. *Bickford v. Boerne Indep. Sch. Dist.,* 2016 WL 3033778, at *5 (W.D. Tex. May 26, 2016). Because the county has not waived its sovereign immunity for intentional torts Plaintiff's state law claims must be dismissed.  *Aston v. City of Cleburne,* 2000 WL 217876, at *3 (N.D.Tex. February 22, 2000) ("Absent that waiver of sovereign immunity, … [the county] cannot be liable on this claim); *see also, Kesler v. King,* 29 F.Supp.2d 356, 375–76 (S.D.Tex.1998).

The common law doctrine of sovereign immunity protects states and their political subdivisions from suits for money damages. *Reata Constr. Corp. v. City of*

*Dallas,* 197 S.W.3d 371, 374 (Tex.2006) (citations omitted). The Texas Tort Claims

Act provides a limited waiver of immunity for certain suits against governmental

entities. Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Reata Constr. Corp.,* 197

S.W.3d at 373–74. But the Act specifically preserves immunity against intentional

torts. Tex. Civ. Prac. & Rem. Code § 101.057(2) (immunity applies to claims

"arising out of assault, battery ... or any other intentional tort").

> **Paragraph 18 (1):** Harris County admits Plaintiff was charged with DUI.

> **Paragraph 18 (2):** Defendant Harris County denies Mora caused or aided in

Plaintiff's DUI prosecution.  Charges were brought by another deputy, and the grand

jury indicted Plaintiff.

> **Paragraph 18 (3):**  Defendant Harris County admits the DUI charge was

dismissed on or about May 17, 2017.

> **Paragraph 18 (4):**  Defendant Harris County denies Plaintiff was "innocent."

There was no finding of guilt or innocence; the charges were just dismissed.

> **Paragraph 18 (5):** Defendant Harris County denies that Mora acted "without

probable cause" in the DUI arrest of Plaintiff.  Another deputy arrested Plaintiff and

swore out the probable cause affidavit.

> **Paragraph 18 (6):**  Defendant Harris County denies Mora acted with

"malice" in filing the DUI charge against Plaintiff.  He did not file the charges,

another deputy did.

**Paragraph 18 (7):**  Defendant Harris County denies this lawful DUI criminal proceeding "interfered with Plaintiff's property and Plaintiff's liberty and otherwise damaged Plaintiff."  Plaintiff was lawfully arrested, the probable cause affidavit was sworn by another deputy; Mora had nothing to do with her arrest or the PC affidavit. The probable cause affidavit shows Plaintiff failed the field sobriety test and blew over 0.08, the legal limit.

**Paragraph 19:** Defendant Harris County denies Plaintiff was arrested without probable cause.  Defendant Harris County denies it knew or had reason to know Mora had engaged in other similar incidents, if any, as alleged in the Second Amended Complaint.  Defendant Harris County denies it had policies, customs or practices that allowed deputies to sexually assault defendants.  Further Plaintiff fails to meet her *Monell* burden by merely alleging pattern and practice.

**Paragraph 19: (1)** Further, Plaintiff has failed to state a cognizable failure-to-train claim.  She has only made threadbare recitals and has not shown or pled a factual pattern of similar constitutional violations to move beyond mere *respondeat superior* liability. Under allegations of failure to train, a plaintiff must show that: "(1) the training procedures were inadequate; (2) the [county's] policymaker was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused [the plaintiff's] injury." *Carnaby v. City of Hous.,* 636 F.3d 183, 189 (5th Cir. 2011).   The Supreme Court has cautioned that "[a]

9

municipality's culpability for deprivations of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51 (2011).

Further, all Harris County deputies are licensed by TCOLE, and presumed trained. *Sanders-Burns v. City of Plano*, 594 F.3d 366, 382 (5th Cir. 2010).

**Paragraph 19: (2)** Defendant Harris County denies it failed to screen and monitor Mora. *City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *see also Hinojosa v. Butler,* 547 F.3d 285, 296–97 (5th Cir. 2008). Plaintiff cites to no evidence in this regard, and does not point to any "failure to screen" evidence that shows how this allegation is closely related to Plaintiff's alleged injury.

**Paragraph 19: (3)** This paragraph is an incomplete sentence, and as such, requires no responsive pleading.

**Paragraph 19: (4)** Defendant Harris County denies all allegations of failure to discipline and timely terminate. Plaintiff has alleged, but has failed to give notice of any other sexual assaults by Mora. The Fifth Circuit has held that prior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question. *Estate of Davis v. City of N. Richland Hills,* 406 F.3d 375, 383 (5th Cir.2005). That is, notice of a pattern of *similar* violations is required. *Id*. The cases require that the prior acts be fairly similar to what ultimately transpired and, in the case of excessive use of force, that the prior act have involved injury to a

third party. *Id.;* see also, *Garcia v. Long,* No. H-04-721, 2005 WL 3560631, at *7 (S.D. Tex. Dec. 28, 2005).  Plaintiff has only made allegations.

Also, to the extent Plaintiff alleges that an unconstitutional custom can be inferred from Defendant Harris County's failure to timely discipline Mora (he was investigated and fired), the Fifth Circuit has repeatedly rejected this argument, holding that the failure to discipline on a single occasion is not sufficient to prove a custom or policy that is the moving force behind the alleged unconstitutional violation. *Fraire v. City of Arlington,* 957 F.2d 1268, 1278-79 (5th Cir.1992); see also, *Garcia v. Long*, No. H-04-721, 2005 WL 3560631, at *7 (S.D. Tex. Dec. 28, 2005).

**Paragraph 19: (5)** Defendant Harris County denies that it failed to investigate these allegations.  A failure to investigate is insufficient to state a civil rights claim unless another recognized constitutional right is involved. *See, e.g., Althouse v. Dallas Cty. Dist. Court*, No. CIV.A.3:01-CV-2225-M, 2002 WL 255478, at *2 (N.D. Tex. Feb. 20, 2002*), dismissed*, 46 F. App'x 732 (5th Cir. 2002); *Andrews v. Fowler,* 98 F.3d 1069, 1079 (8th Cir.1996) (police chief was not individually liable, under § 1983, to claimant raped by police officer based on police chief's failure to investigate rape, inasmuch as failure to investigate did not rise to level of separate constitutional violation of claimant's right); *Burchett v. Self,* 30 F.2d 133, 1994 WL 276865, *2 (6th Cir.1994) (unpublished) (failure to investigate does not raise a constitutional

11

claim); *Scher v. Chief Postal Inspector,* 973 F.2d 682, 683–84 (8th Cir.1992)

(inmates failed to state *Bivens* claim based on refusal of post office employees to

investigate complaint regarding prison administrators' treatment of their mail);

*Gomez v.. Whitney,* 757 F.2d 1005, 1006 (9th Cir.1985) (lack of police investigation,

by itself, was not a deprivation of a constitutional right); *Malloy v. City of New York,*

1996 WL 648927, *2 (S.D.N.Y. Nov 07, 1996) (unpublished)(there is no

constitutional right to an investigation or arrest of an individual who has committed

an assault upon a prisoner unless the omission or inadequacy of the investigation

itself resulted in a deprivation of a constitutional right).

**Paragraph 20:**  Defendant Harris County denies all factual allegations in this

paragraph.  Plaintiff only makes conclusory statements in support of this cause of

action, and thus she has failed to sufficiently allege facts to overcome *Monell.*

Further, threadbare recitals are not enough. "[A] plaintiff's obligation to provide the

'grounds of [her] 'entitlement to relief' requires more than labels and conclusions,

and formulaic recitation of the elements of a cause of action will not do." *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  To show deliberate indifference by

a local government, a plaintiff must generally show a pattern of similar constitutional

violations by untrained employees. *Connick*, 563 U.S. at 62–63. "Allegations of an

isolated incident are not sufficient to show the existence of a custom or policy."

*Fraire,* 957 F.2d at 1278.  Here, Plaintiff failed to state sufficient facts to indicate

12

the plausibility of her negligent-training claims against Defendant County. *See also*,

*Twombly*, 550 U.S. at 555.

## SEXUAL ASSAULT BY POLICE OFFICER
## AS VIOLATION OF 4TH AMENDMENT

**Paragraph 21:** Defendant Harris County denies all allegations and asserts it

did not have customs, policies and practices allowing deputies to engage in criminal

acts and sexually assault criminal defendants.

## DAMAGES

**Paragraph 22:**  Defendant Harris County denies that it is responsible for any

of Plaintiff's alleged damages.

## EXEMPLARY DAMAGES

**Paragraph 23**:  This paragraph requires no responsive pleading by Defendant

Harris County.

## ATTORNEY'S FEES

**Paragraph 24**:  Defendant Harris County denies it is responsible for any

attorney's fees or costs.

## JURY REQUEST

**Paragraph 25**: Defendant Harris County demands a jury.

## PRAYER

**Paragraph 26**:  Harris County does not permit its deputies to sexually assault

defendants, nor does it permit this by policy, practice or custom. Plaintiff has only

made conclusory statements and formulaic recitations of municipal liability. Defendant Harris County prays that upon final hearing, Plaintiff take nothing by reason of her suit; that Defendant receive judgment in its favor, that it recover costs, including attorneys' fees and that it have such and other relief to which it may be just entitled to in law or in equity. Defendant further denies Plaintiff is entitled to any award of damages.

Respectfully submitted,

*/S/ Suzanne Bradley*

OF COUNSEL:

VINCE RYAN
HARRIS COUNTY ATTORNEY

**SUZANNE BRADLEY**
Assistant County Attorney
Federal ID No. 24567
State Bar No. 00793375
1019 Congress, 15th Floor
Houston, Texas 77002
Telephone: (713) 274-5330
Facsimile: (713) 755-8924
suzanne.bradley@cao.hctx.net

ATTORNEY FOR DEFENDANT
HARRIS COUNTY

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2018, a true and correct copy of HARRIS COUNTY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT was delivered to counsel of record via the CM/ECF system.

Eric D. Nielsen
The Nielsen Law Firm, P.C.
9800 Northwest Frwy, Suite 134
Houston, Texas  77092
eric@nielsentriallaw.com

/S/ Suzanne Bradley
Suzanne Bradley
Assistant County Attorney